**In re Douglas Early BALLARD, Paula Crump Ballard, Debtors.**

**The BANK OF MIDDLESEX and Roger G. Hopper, Trustee, Plaintiffs,**

v.

**William C. PARKINSON, Jr., Trustee for Douglas Early Ballard and Paula Crump Ballard, Defendant.**

Bankruptcy No. 80–00840.

Adversary Proceeding No. 80–0060.

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

Aug. 4, 1980.

James C. Roberts, Joseph R. Mayes, Brad-fute W. Davenport, Jr., Mays, Valentine, Davenport & Moore, Richmond, Va., for plaintiffs.

William C. Parkinson, Jr., Richmond, Va., for defendant/Trustee.

Douglas Early Ballard, Urbanna, Va., for debtor and counsel for Paula Crump Ballard, debtor.

## SUMMARY

BLACKWELL N. SHELLEY, Bankruptcy Judge.

Plaintiff, Bank of Middlesex and Roger G. Hopper, Trustee, filed a Complaint for Relief from Stay imposed by 11 U.S.C. § 362(a) pursuant to subsection d thereof. The Court found that the Plaintiff Bank had a valid deed of trust securing a note of the Debtors given in the original principal amount of $190,000. The accrued interest on that note as of the date of filing the Chapter 7 proceeding was in excess of $26,-000 creating a total obligation at the time of the filing of over $216,000. It was the further finding that the property in question had a fair market value of no greater than $179,000. From the evidence presented the Court held that the Debtors had no equity in the property and that there was no reasonable likelihood that the Debtors could demonstrate their equity in the property at a final hearing and, therefore, the Court granted the relief from stay requested by the Plaintiffs which allowed the Plaintiff Bank to foreclose on the property.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

Debtors filed a Voluntary Petition in Bankruptcy under 11 U.S.C. Chapter 13 on November 19, 1979. Upon application of the Debtors, this Petition was dismissed by order entered June 11, 1980. The Debtors then refiled under Chapter 7 of the Bankruptcy Code on June 12, 1980.

The matter before the Court came on upon the Complaint of Bank of Middlesex and Roger G. Hopper, Trustee against the Trustee, William C. Parkinson, Jr., for relief from stay imposed by 11 U.S.C. § 362(a) pursuant to subsection (d) thereof. On July

31, 1980 the preliminary hearing required by 11 U.S.C. § 362(d) was commenced. The Debtors appeared at said scheduled hearing and upon motion of counsel for the Plaintiffs, the Debtors, Douglas Early Ballard and Paula Crump Ballard, consented to being made party Defendants. Douglas E. Ballard, a duly licensed attorney qualified to practice before this Court, represented himself pro se and as attorney for Paula C. Ballard. Mr. Ballard, on his own behalf, and as counsel for Mrs. Ballard waived the right to file an answer to the Complaint and the Plaintiffs, by counsel, waived the requirement that an answer be filed. Upon the presentation of evidence by the Plaintiffs and Defendants, the Court finds the following facts and renders the following conclusions.

## FINDINGS OF FACT

Douglas Early Ballard and Paula Crump Ballard, his wife, own as tenants by the entirety with the right of survivorship as at common law a tract of land containing 118.-19 acres in Jamaica District, Middlesex County, Virginia. At the time of the filing of this Chapter 7 proceeding there existed on this land a home, swimming pool, several out buildings and boundary fences. Prior to the filing of the Chapter 7 proceeding this property had been their principal place of residence.

The Plaintiff Bank has a valid deed of trust securing a note of the Debtors dated October 12, 1978 given in the original principal amount of $190,000 which evidenced advances by the Plaintiff Bank to the Debtors together with prepaid interest for the three months following October 12, 1978 (date of the note) to the maturity date which was determined to be January 12, 1979. No payment has been made on said obligation since the execution of the note. Accrued interest on said indebtedness since its maturity date to the date of filing of the Chapter 7 proceeding amount in excess of $26,000. The Plaintiff Bank offered evidence that it has incurred additional expenses for attorney's fees and trustee's commissions or charges for attempted foreclosure on the deed of trust prior to the filing of the previously mentioned Chapter 13 proceeding. The note contains the usual provision relative to attorney's fees being allowed in the collection of the obligation. Excluding all charges except principal and accrued interest through the date of the filing of the Chapter 7 proceeding, the obligation owed to the Bank would amount to over $216,000.

To establish the fair market value of the land and improvements in question the Bank presented the appraisals of two real estate appraisers. Mr. John Bagby III, a real estate appraiser with appropriate credentials qualified as an expert, testified that he made an inspection and appraisal of the real estate and made a determination that the fair market value of the property is $170,000. Evidence was also presented by Mr. W. Aubrey Hall, a real estate appraiser who also qualified as an expert. After inspection of the land, Mr. Hall determined the value of the land and improvements to be $179,000. Both Mr. Bagby and Mr. Hall testified that there were no comparable values relative to the improved real estate in the area and both appraisers, therefore, used comparable sales for the land and made a determination of the value of the improvements based upon replacement cost less depreciation.

The Ballards' testimony as to the value of the land and improvements consisted of Mr. Ballard's statements as to the cost of the land and improvements when purchased together with the expenses incurred for renovation to the existing improvements. His testimony showed that the cash purchase price of the property was $65,000 and that payments made by the Ballards or owed on account of the renovation of the improvements amounted to in excess of $175,000. While this evidence presented by Mr. Ballard indicated that considerable money was invested by him in the purchasing of the property and reconstruction of the improvements, no evidence was presented by him to show that the property did in fact have a value consistent with the money invested or costs incurred by the Ballards, nor was

there any evidence presented to effectively rebut the estimates of value testified to by the appraisers or contained in their appraisals. (Plaintiffs' Ex. No. 5 and 6).

In addition to the Plaintiff Bank's security interest in the said real estate there is an outstanding unresolved mechanic's lien filed in the Circuit Court of Middlesex County, Virginia against the Debtors for alleged improvements made to the property.

Finally, it should be noted that Mrs. Ballard has claimed as exempt property pursuant to 11 U.S.C. § 522(b)(2)(B) her interest in the aforesaid real estate. The note executed by the Debtors, however, contains a waiver of said homestead provision to the Bank's obligation.

It is the Court's finding that the Debtors do not have equity in the aforesaid real estate. The fact that the Ballards may have expended more money in bringing the property to its present state of completion does not of necessity require this Court to find that to be indicative of its real value. The Ballards have no other evidence. The Court relies upon the testimony of the two qualified experts who without consultation arrived at values only 5.29% apart. Using the highest appraisal of $179,000 and finding without contradiction that at least $216,000 represents the balance of principal and interest to the date of filing the Chapter 7 proceeding fully supports the Court's determination that the Debtors have no equity in said real estate.

## CONCLUSIONS OF LAW

■ The provision for waiver of the homestead exemption in the Plaintiff Bank's note may not be avoided by Mrs. Ballard pursuant to 11 U.S.C. § 522(f) in that it is not a judicial lien nor does the real estate qualify for the exclusions of personal property listed in § 522(f)(2)(A), (B), and (C).

■ 11 U.S.C. § 362(d) authorizes this Court to grant relief from the stay imposed by subsection (a) by terminating, annulling, modifying, or conditioning the stay of an act against property if the debtor has no

equity in such property and such property is not necessary to an effective reorganization [11 U.S.C. § 362(d)(2)]. The present case filed in this Court is a Chapter 7 liquidation and the provisions of subsection (d)(2)(B) are inapplicable. If the debtor has no equity in the property, the court shall under subsection (d)(2)(A) grant relief unless the court finds a reasonable likelihood that the party opposing relief from such stay would prevail at a final hearing [362(e)(1)]. From the evidence before the Court and the findings of fact herein, this Court cannot find that there is any reasonable likelihood that the Debtors would prevail at a final hearing and for that reason the Court shall grant the relief requested by the Plaintiffs without further delay.