In re John P. BURNS, Jr., Debtor.

MARYLAND NATIONAL MORTGAGE CORPORATION, Jonathan G. Babyak, Trustee, Susan M. Pesner, Trustee, Plaintiffs,

v.

John P. BURNS, Jr., Gordon Peyton, Trustee, Defendants.

Bankruptcy No. 89-01946-AT.
Adv. No. 89-1044-AT.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Feb. 26, 1990.

---

**764**

Roderick H. Angus, Huston & Angus, Arlington, Va., for plaintiffs.

Stephen S. Mitchell, McKinley, Schmidtlein & Mitchell, Alexandria, Va., for debtor, defendant.

Kevin M. O'Donnell, Alexandria, Va., for trustee, defendant.

Gordon Peyton, Alexandria, Va., trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This case came before the Court on the motion of Maryland National Mortgage Corporation ("Maryland National") and others for relief from the automatic stay as to a deed of trust against realty in which the debtor claims an interest. A combined preliminary and final hearing was held on November 16, 1989, at which time the parties presented evidence and argument.

The debtor filed his chapter 7 petition on September 25, 1989. On the date of this filing there was scheduled for September 26, 1989, a foreclosure sale of real property (condominium unit located at 2047 Headlands Circle, Reston, Fairfax County, Virginia) in which the debtor claims a beneficial ownership interest which is not reflected in the recorded legal title to the property. The scheduled foreclosure sale was pursuant to a deed of trust held by the movant Maryland National (the deed of trust).

Upon the filing of the bankruptcy petition the debtor's counsel telephoned Jonathan G. Babyak ("Babyak"), substitute trustee under the deed of trust who was conducting the foreclosure, and advised him that the debtor claimed to hold an ownership interest in the condominium; the counsel stated his position to Babyak that under 11 U.S.C. § 362 the debtor's filing of a bankruptcy petition had stayed the foreclosure sale.

Babyak had previously examined title to the property and was aware that the debtor was not a record title holder to the property; he therefore concluded that the debtor had no interest in the property which warranted the imposition of the automatic stay. Consequently, Babyak conducted the foreclosure sale as scheduled on September 26, 1989, receiving a high bid in the amount of $99,500.00. However, Babyak took no further action to complete the foreclosure, and he has not attempted to convey title to the purchaser.

Subsequently, on September 27, 1989, debtor's counsel filed a motion to show cause against Babyak which effectively requested the Court to hold Babyak in contempt for willfully violating the automatic stay by conducting the foreclosure sale after the debtor had filed a petition in bankruptcy.

A hearing on the debtor's motion was held on November 2, 1989, at which time debtor's counsel withdrew the motion for show cause but persisted in his position that the foreclosure sale had been stayed by § 362 and therefore should be voided by the Court. At the Court's suggestion Maryland National filed its motion for relief from the stay so that the Court might adjudicate the propriety of the foreclosure.

Evidence received at the hearing on the motion for relief from stay revealed that the condominium had been purchased and record title taken in the name of John P. Burns, Jr. and Cynthia Herron in March 1984; the purchase was financed primarily by the deed of trust loan now held by Maryland National. Approximately one month after settlement, Burns and Herron both executed a new deed of the property which conveyed title to Herron as her sole property. This deed was also duly recorded in the Circuit Court of Fairfax County. Although title was taken as just described, debtor's testimony was that aside from the mortgage loan upon which Herron was jointly liable, he had put up all funds for

the purchase, and he was the intended beneficial owner of the property. Debtor acknowledged that he had conveyed title to Herron individually because of his former wife's judgments against him.

■ The Court finds from the unrefuted testimony of the debtor that he was the holder of a beneficial ownership interest in the realty.[1] Therefore, the proposed foreclosure sale of the property was subject to the automatic stay of § 362, and Babyak violated the automatic stay in proceeding with the foreclosure sale on September 26, 1989. *See* 11 U.S.C. § 362(a) (1988).

The Court further finds from the evidence at hearing that the condominium has a fair market value of approximately $130,000.00 and is encumbered by liens, including Maryland National's deed of trust, in the total amount of approximately $140,000.00. The chapter 7 trustee investigated the debtor's interest in the property and has stated his intention to abandon the property since it has no value to the chapter 7 estate.

■ From the above stated findings of fact, the Court concludes that the movant is entitled to relief from the stay pursuant to 11 U.S.C. § 362(d)(2) since the debtor has no equity in the property.[2]

■ This brings us to the real issue presented to the Court: Whether in granting relief from the stay the Court should void the September 26, 1989, foreclosure sale. The debtor contends that since the foreclosure sale was held in violation of the automatic stay, the sale should be avoided and the movants required to recommence the foreclosure process. The movants argue that Babyak should be allowed by the Court to merely complete the foreclosure sale already held so that the movants will not be required to incur the additional expenses of re-noticing and re-advertising the foreclosure.

Behind the debtor's urging the Court to void the foreclosure sale is his belief that a second foreclosure will produce a bid higher than $99,500.00. It is important to debtor that the property bring as high a price as possible so that other secondary liens against the property may be reduced. These liens at least in part represent non-dischargeable alimony or child support and tax debt. The present foreclosure bid of $99,500.00 is probably just sufficient to pay Maryland National's deed of trust debt plus expenses of sale. There is no evidence of any irregularity in the foreclosure nor that a higher bid is likely in a second sale.

Section 362(d) includes authority for the bankruptcy court either to terminate or to annul the automatic stay. However, the statute gives no guidance as to the circumstances on which the court would base a decision annulling as opposed to terminating the stay. Although this Court concludes that the decision should involve a balancing of the equities, consideration must be given to the importance of the automatic stay to the bankruptcy process.

Bankruptcy Courts have generally held that actions taken in violation of the automatic stay are void, and this Court finds no reason to disregard the general rule here. *Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir.1982); *Makoroff v. City of Lockport, New York (In re Guterl Special Steel Corp.),* 95 B.R. 370, 373 (Bankr.W.D. Pa.1989); *Homer Nat. Bank v. Namie,* 96 B.R. 652, 654 (W.D.La.1989); *In re Eisenberg,* 7 B.R. 683, 686 (E.D.N.Y.1980); *see also* 2 *Collier on Bankruptcy,* ¶ 362.11 (15th ed. 1989); *but see Sikes v. Global Marine, Inc.,* 881 F.2d 176 (5th Cir.1989).

---

1. Since the judgment liens of Burn's ex-wife were of record in March 1984 when the condominium was purchased, under Virginia law these liens attached to the property when he took title and remained attached to his interest notwithstanding the transfer of title to Cynthia Herron. In more recent years, Burns has acknowledged his ownership interest in the condominium both to his ex-wife's attorney and to the Internal Revenue Service which has filed tax liens against the property.

2. Since a chapter 7 case focuses on liquidation of estate property, it is unnecessary for the Court to consider whether the property is necessary to an effective organization. *Bank of Middlesex v. Parkinson (In re Ballard),* 5 B.R. 570, 572 (Bankr.E.D.Va.1980).

Babyak received clear advance notice that the debtor claimed an interest in the property which interest has now been established. In the face of this notice, he proceeded with the sale at his own peril.

Therefore the Court concludes that in this case the automatic stay will be terminated, rather than annulled. The foreclosure action taken by the trustee under the deed of trust after receiving notice of the debtor's bankruptcy petition is held void, and it will be necessary for the trustee to begin anew the foreclosure process.

An order has been entered granting relief from the stay effective November 16, 1989.