In re ATLANTIC AMBULANCE
ASSOCIATES, INC., Chapter 7
Debtor.

Antoinette ATKINS, Movant,

v.

ATLANTIC AMBULANCE ASSOCIATES,
INC., Debtor.

Bankruptcy No. 91–41225–T.
Contested Matter No. 94–87.

United States Bankruptcy Court,
E.D. Virginia,
Newport News Division.

April 6, 1994.

S. Keith Barker, Richmond, VA, for movant.

Samuel M. Walker, Jr., Midlothian, VA, for debtor.

Gary J. Spahn, Mays & Valentine, Richmond, VA, for Travelers Ins. Co.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Preliminary hearing on Antoinette Atkins' motion for relief from stay was held in Richmond, Virginia, on March 14, 1994. At this hearing the court also considered the motion to intervene of Travelers Insurance Company. On the relief from stay motion, the sole issue is whether the court will annul the automatic stay so as to validate a state court default judgment obtained by movant.

At the conclusion of the hearing the court ruled from the bench that Travelers' motion to intervene would be granted and set the relief from stay motion for final hearing.

Subsequent to the hearing of March 14, 1994, the court has concluded that the motion for relief from stay will be granted without further hearing; however, movant's request for annulment of the stay will be denied.

### Facts

The facts, which are undisputed, are drawn primarily from movant's motion for relief from stay.

Debtor filed a chapter 7 petition on June 11, 1991, and the company's assets have been liquidated by the trustee in bankruptcy. However, the bankruptcy case remains open on this court's docket.

On February 19, 1987, movant Antoinette Atkins was injured in an automobile accident; she received ambulance services, during the course of which the ambulance crew dropped her stretcher and caused her allegedly serious injuries. Travelers Insurance Company was the liability insurance carrier to the ambulance company involved.

In August 1988 Atkins sued the ambulance company in Virginia circuit court for her injuries. Later, that ambulance company was merged into the debtor corporation, and suit papers were amended to name the debtor. The amended suit papers were served on debtor in December 1990, and debtor's registered agent forwarded the papers to debtor's liability insurance broker. However, debtor's insurance carrier had no liability for Atkins' injuries suffered at the hands of the other ambulance service prior to its merger with debtor.

Travelers, the actual liability carrier for the prior company, was not notified of the claim until after the appeal period had expired on a default judgment against debtor in the amount of $250,000.00 entered in early 1991.

After Travelers denied coverage of the claim because of the insured's failure to notify it of the law suit, Atkins brought a declaratory judgment action against Travelers. This suit was removed by Travelers to federal court.

Ultimately, in July 1993, the Court of Appeals for the Fourth Circuit in held that Travelers was not liable for payment of Atkins' default judgment which Travelers had not had the opportunity to challenge. The appeals court held, however, that Travelers' insurance contract was not voided and that it was obliged to defend Atkins' claim and provide coverage.

After the ruling by the court of appeals, Atkins' counsel filed a motion in Virginia circuit court to vacate the previous 1991 default judgment order. Counsel gave notice of the filing of the motion to debtor's counsel but did not notice Travelers or its counsel. Neither did counsel seek relief from the automatic stay of 11 U.S.C. § 362 prior to filing the motion. On December 9, 1993, the circuit court entered a default order vacating the prior default judgment and granting Atkins leave to file an amended motion for judgment against the debtor and Travelers. Travelers did not learn of Atkins' actions in obtaining the default judgment until afterwards.

On February 18, 1994, Atkins filed the instant motion for relief from stay by which she asks this court to *annul* the automatic stay and effectively validate the circuit court's default order of December 9, 1993.

Travelers, although apparently not served with the relief from stay motion, learned of the motion and responded by filing a motion to intervene.

### Discussion And Conclusions

Antoinette Atkins moves the court to annul the automatic stay with respect to a default order entered on December 9, 1993, by the Virginia circuit court at the request of her counsel. This default order vacated a previous default judgment against the debtor in the amount of $250,000.00 for personal injuries suffered by Atkins in 1987; the default order also authorized Atkins to file an amended motion for judgment against debtor and Travelers Insurance Company, the liability carrier responsible to defend any new suit.

Travelers, which has been held not to have liability under the original $250,000.00 judgment, believes it has grounds to prevent Atkins from vacating the earlier judgment and starting over against Travelers. Travelers therefore opposes the vacation of this judgment and wants the opportunity to contest this result before the circuit court.

The parties agree that the debtor's bankruptcy case remained open and that the automatic stay of 11 U.S.C. § 362(a) and (c) was applicable at the time of the default order of December 9, 1993; they also agree that the stay may be lifted to allow any further litigation of Atkins' claim to proceed in circuit

court. The sole issue for this court is whether the court should annul the stay and effectively validate the default order.

Atkins recognizes that acts in violation of the automatic stay are generally held void.[1] However, she urges the court to annul the stay under authority of § 362(d) which provides in part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, *annulling*, modifying, or conditioning such stay—....

11 U.S.C. § 362(d) (emphasis added).

 As this court observed in *In re Burns*, 112 B.R. 763, 765 (Bankr.E.D.Va. 1990), although § 362(d) authorizes the court to either terminate or annul the stay, the statute otherwise provides no guidance to the remedy to be allowed. It is nevertheless apparent that the code gives the court a fairly broad discretion to provide appropriate relief from the stay as may fit the facts of the case. *See Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 572 (9th Cir.1992); 2 Lawrence P. King, *Collier On Bankruptcy* § 362.07, at 362–61 (15th ed. 1993) (suggesting that annulment may be appropriate where the party taking action in violation of the stay is unaware of the bankruptcy).

The fact that most of the cases hold actions in violation of the stay void indicates that there must be unique circumstances to justify annulment of the stay. In substance the creditor seeking to validate an act taken in violation of the stay is asking the bankruptcy court to exercise its equitable power to balance the equities between the parties. *See Burns*, 112 B.R. at 765.

In the instant case, given the history of the litigation between Atkins and Travelers, Atkins and her counsel were well aware that debtor was in bankruptcy and that Travelers was the liability insurance carrier who must defend the personal injury claim. Despite this knowledge, Atkins failed to obtain relief from the stay or to notify Travelers of her renewed action in the circuit court which resulted in entry of the default order of December 9, 1993.

Under these circumstances, Atkins is hardly in position to ask this court to balance the equities in favor of annulling the automatic stay and validating the default order.

A separate order will be entered granting Atkins relief from the automatic stay but denying her request for annulment.

---

1. A majority of the cases so hold. For a recent and comprehensive discussion, *see Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 572 (9th Cir.1992); *see also In re Burns*, 112 B.R. 763, 765 (Bankr.E.D.Va.1990). For a case espousing the "voidable not void" approach, *see In re Siciliano*, 13 F.3d 748 (3d Cir.1994).