In re Frank J. HARRIS,
Chapter 13 Debtor.

Barbara S. HARRIS, Plaintiff,

v.

MARGARETTEN & COMPANY, INC., as Servicing Contractor for Federal Home Loan Mortgage Corporation, et al., Defendants.

Bankruptcy No. 92–35624–T.
Adv. No. 94–3051.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Aug. 8, 1994.

---

I. Scott Pickus, Jackson & Assocs., P.C., Richmond, Virginia, for Barbara S. Harris.

### AMENDED MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This opinion amends the court's memorandum opinion entered in this case on July 26, 1994.

Trial was held on July 11, 1994, on plaintiff's complaint to enjoin defendant's conveyance of real estate on the ground that it would violate the codebtor stay pursuant to 11 U.S.C. § 1301. After hearing evidence and argument of counsel the court took the matter under advisement. For the reasons stated in this memorandum opinion the court will grant Margaretten relief from the co-

debtor stay and require it to recommence the foreclosure proceedings against the property. No injunction is necessary.

### Facts

Plaintiff is the wife of the debtor, and in 1977 they jointly purchased a residential parcel of real estate financed by a first deed of trust loan. Plaintiff and debtor cosigned the promissory note secured by the deed of trust.

Defendant Margaretten is the successor in interest to the original lender who financed the purchase and stands as a secured creditor of plaintiff and debtor.

On November 25, 1992, plaintiff filed a chapter 7 bankruptcy petition listing defendant's predecessor in interest as a secured creditor. In March 1993 plaintiff received a discharge in her chapter 7 case and consequently has been discharged of any personal liability on the defendant's loan.

On November 30, 1992, debtor filed this chapter 13 case; his plan, which was confirmed on February 12, 1993, proposed to cure an existing delinquency on the deed of trust note. In September 1993, following postpetition defaults on the note, defendant filed a motion in this court seeking relief from the automatic stay of 11 U.S.C. § 362 as to the debtor. Defendant properly served the motion on debtor and his attorney, including notice of hearing on the motion in the bankruptcy court.

By this court's order entered November 1, 1993, defendant's motion for relief from the § 362 stay was granted with respect to the debtor's and plaintiff's residence. No appeal was taken.

Defendant did not seek relief in debtor's chapter 13 case from the codebtor stay of 11 U.S.C. § 1301 as to plaintiff, and none has been granted by the court.

Following this court's granting relief from the § 362 stay as to debtor, defendant took appropriate steps under Virginia law to foreclose the deed of trust, giving proper notice to plaintiff and debtor, and sold the subject realty at auction on March 18, 1994.

On March 31, 1994, plaintiff filed the complaint in this adversary proceeding to enjoin defendant's conveyance of the property on the grounds that defendant had violated the codebtor stay of § 1301 as applied to the plaintiff.

By amended answer filed with the court on May 25, 1994, defendant asked the court, among other relief, to annul the codebtor stay as to plaintiff.

### Position of the Parties

#### DEFENDANT.

Among other arguments, Margaretten asserts that a liability secured by a deed of trust on real estate is not a "consumer debt," relying on In re Randolph, 28 B.R. 811 (Bankr.E.D.Va.1983), and on legislative history.

Defendant argues in addition that § 1301 is intended only to benefit the debtor and not the codebtor. Defendant has already obtained relief from the stay as to the debtor. Therefore, no benefit can flow to the debtor by forcing defendant to obtain codebtor relief as to the plaintiff.

#### PLAINTIFF.

Plaintiff maintains that, as an "original maker" of the note securing the debt, she is a codebtor under § 1301. Moreover, legislative history is irrelevant to an unambiguous statute, and "consumer debt" as defined by 11 U.S.C. § 101(8) clearly includes any debt, including real estate, when it is used for personal or household, as opposed to commercial, use. Since the parties incurred the debt to purchase a family residence, a personal and household purpose, it is classified as consumer debt.

Plaintiff asserts that defendant's argument that the codebtor stay should apply only when it benefits the debtor is flawed because this would have the effect of rendering § 362 and § 1301 protection one and the same.

### Discussion and Conclusions of Law

This adversary proceeding raises issues concerning the operation of the chapter 13 codebtor stay. Section 1301 of the Bankruptcy Code provides in part as follows:

(a) Except as provided in subsections (b) and (c) of this section, after the order for

relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from *any individual that is liable on such debt with the debtor, or that secured such debt,* unless—

.    .    .    .    .

(c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;

(2) the plan filed by the debtor proposes not to pay such claim; or

(3) such creditor's interest would be irreparably harmed by continuation of such stay.

.    .    .    .    .

11 U.S.C. § 1301 (emphasis supplied).

Debtor in this chapter 13 case and plaintiff are married. They purchased their residence in 1977, financed by the deed of trust loan now held by the defendant Margaretten. Their secured promissory note was signed by both debtor and plaintiff.

In 1992 plaintiff filed a chapter 7 bankruptcy petition and received a discharge of her personal obligation to Margaretten in March 1993.

Debtor filed this chapter 13 case on November 30, 1992. His plan proposed to cure delinquencies on the Margaretten deed of trust loan. However, he defaulted postpetition, and as a result this court granted Margaretten's motion for relief from the automatic stay as to the realty pursuant to Code § 362(d).

Margaretten did not seek relief from the codebtor stay of § 1301 as to plaintiff.

Subsequently, Margaretten foreclosed under its deed of trust and auctioned the property.

By the instant adversary proceeding plaintiff seeks to enjoin Margaretten's conveyance of the realty to the foreclosure sale purchaser. At trial, plaintiff presented evidence of her and debtor's ability to refinance the property and pay off Margaretten.

## APPLICATION OF CODEBTOR STAY TO PLAINTIFF.

■ A preliminary issue here is whether the codebtor stay applies to a codebtor who has received a discharge in bankruptcy of any personal obligation on the debt. I find that the codebtor stay does apply in this circumstance, based upon the literal language of § 1301(a) and also upon the rationale adopted by the Supreme Court in the so called "Chapter 20" case, *Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991).

■ Section 1301(a) states that the stay applies to an individual that is liable on the debt or that secured the debt. Thus personal liability is not a requisite; the individual may have put up security for the debt without becoming personally liable. Essentially that is plaintiff's situation, given her chapter 7 discharge.

*Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, involved an individual who filed a chapter 13 case after being granted a chapter 7 discharge of his personal liability on a mortgage loan. The debtor proposed to pay the mortgagee under his chapter 13 plan, and the issue before the Supreme Court was whether the mortgagee held a claim which the chapter 13 debtor could provide for in a chapter 13 plan. The court held that notwithstanding the debtor's discharge from personal liability, the mortgagee's *in rem* rights against debtor's property was a claim (as defined in § 101(5) of the Bankruptcy Code). 501 U.S. at 84, 111 S.Ct. at 2154. From the debtor's standpoint, the interest of the mortgagee was "an 'enforceable obligation' of the debtor." 501 U.S. at 84, 111 S.Ct. at 2154.

Since Margaretten's interest here is an "enforceable obligation" of the plaintiff as well as the debtor, the plaintiff is an "individual that is liable on such debt with the debtor ..." 11 U.S.C. § 1301(a). *See In re Jones,* 106 B.R. 33 (Bankr.W.D.N.Y.1989).

## DEBT SECURED BY REAL ESTATE AS A CONSUMER DEBT.

■ The codebtor stay of § 1301 applies only as to a "consumer debt of the debtor. . . ." 11 U.S.C. § 1301(a). Section 101(8) defines consumer debt:

(8) "consumer debt" means debt incurred by an individual primarily for a personal, family, or household purpose;

11 U.S.C. § 101(8).

The debt in issue here is a loan secured by a deed of trust on the debtor's and plaintiff's residence. The loan proceeds were used by them to purchase the residence.

■ Although there is a 1983 decision from this district holding that a debt secured by real property is not a consumer debt, *In re Randolph,* 28 B.R. at 811, there is more recent and more persuasive authority to the contrary. I agree with the view, adopted by the following cases, that the purpose of the debt determines whether a debt is a consumer debt; consequently, a debt incurred to purchase an individual's residence is a consumer debt even though it is secured by a deed of trust on the realty. *See In re Booth,* 858 F.2d 1051 (5th Cir.1988); *Zolg v. Kelly (In re Kelly),* 841 F.2d 908 (9th Cir.1988); *Guaranty Sav. & Loan Ass'n v. Lowe (In re Lowe),* 109 B.R. 698 (W.D.Va.1990).

## EFFECT OF § 1301 ON MARGARETTEN'S FORECLOSURE.

It is clear that for purposes of § 1301 plaintiff is a codebtor with the debtor on the Margaretten deed of trust loan. Thus plaintiff is correct in her basic position here that Margaretten proceeded to foreclosure in violation of § 1301.

Prior to trial, Margaretten filed an amended answer to the complaint and included in its prayer a request for the court to annul the § 1301 codebtor stay as to plaintiff. I will treat this request as a motion for relief from the stay under § 1301(c).[1] *See* Fed. R.Bankr.P. 4001(a)(1).

■ Section 1301(c) provides only that the court may grant relief from the codebtor stay and does not contain the specific authority of § 362(d) stating the court may terminate, annul, modify or condition the automatic stay of § 362(a). Even so, I believe there is enough flexibility in § 1301(c) for a court to grant relief appropriate to the circumstances presented, including annulment.

■ Under § 362, acts in violation of the automatic stay are generally held void. *See Schwartz v. United States (In re Schwartz),* 954 F.2d 569, 572 (9th Cir.1992); *Atkins v. Atlantic Ambulance Assocs., Inc. (In re Atlantic Ambulance Assocs., Inc.),* 166 B.R. 613 (Bankr.E.D.Va.1994). This same general rule should apply to § 1301. Annulment of the stay, which has the effect of validating acts in violation of the stay, is appropriate in only very limited circumstances; for example, annulment may be allowed in a unique situation to balance the equities between the parties. *In re Atlantic Ambulance Assocs., Inc.,* 166 B.R. at 615.

■ Under the circumstances here I consider Margaretten's foreclosure action at most a technical violation of the codebtor stay.[2] Margaretten was granted relief from the § 362 stay due to debtor's failure to

---

1. Moreover, although § 1301 says nothing about the court granting relief from stay *sua sponte,* there is case authority supporting this proposition. "A creditor may seek relief from the stay; and, if appropriate, the court may lift the stay." *In re Sullivan Cent. Plaza I, Ltd.,* 914 F.2d 731, 733 (5th Cir.1990). *See In re Laventhol & Horwath,* 139 B.R. 109, 116 n. 6 (Bankr.S.D.N.Y. 1992); *In re Bellucci,* 119 B.R. 763, 778–79 (Bankr.E.D.Cal.1990) (analyzing 11 U.S.C. § 105(a) to conclude that a bankruptcy court can lift the automatic stay *sua sponte* ).

  Although the cited cases refer to the automatic stay under § 362, the reasoning applies also to the codebtor stay under § 1301. Thus, I find the court may lift the codebtor stay even without a motion.

2. Section 1301 was intended primarily for the benefit of the principal debtor by relieving the debtor from pressures which creditors might exert on those codebtors close to the debtor. 5 *Collier On Bankruptcy* ¶ 1301.01[1] (Lawrence P. King et al. eds., 15th ed. 1994). Although I do not accept Margaretten's argument that § 1301 is intended to benefit only the debtor and not the codebtor, once relief from stay was granted in the instant debtor's chapter 13 case, it is my opinion that the purpose of the codebtor stay no longer existed.

comply with his chapter 13 plan by failing to make postpetition payments. Upon appropriate motion at the time, this court would no doubt have also granted relief from the § 1301 stay as to plaintiff under either § 1301(c)(2) or (c)(3).

Although the equities here do not particularly favor the plaintiff and the debtor in view of plaintiff's delay in bringing the instant complaint months after they had notice of Margaretten's relief from the § 362 stay, neither are there particular equities favoring Margaretten. I have therefore concluded to grant Margaretten's relief from the stay, but I will not annul the stay.

Margaretten's prior foreclosure action is therefore void, and it must commence a new foreclosure. Since the foreclosure process must begin anew, I find no basis to issue the injunction sought by plaintiff.