**In re PROFILE SYSTEMS, INC., Debtor.**

**KEMPER INSURANCE COMPANY, Plaintiff,**

v.

**PROFILE SYSTEMS, INC.; The Interlake Corporation; D.L. Systems, Inc.; Kahlstorf Brothers Installation Co., Inc., d/b/a Nacco Material Handling Group, Inc.; & Nott Company.**

**D.L. SYSTEMS, INC., Third–Party Plaintiff,**

v.

**SECURITY ARCHIVES OF MSP, INC., Third–Party Defendant.**

Bankruptcy No. 4–93–6080.

Adv. No. 4–95–309.

United States Bankruptcy Court, D. Minnesota.

March 27, 1996.

Norman M. Abramson, Hanson, Lulic & Krall, Minneapolis, MN, for Kemper Insurance and St. Paul Fire.

Thomas Melloy, Hall & Byers, PA, St. Cloud, MN, for Trustee.

James J. Galman, Jardine, Logan & O'Brien, St. Paul, MN, for Lift, Stak & Stor.

Barret Lane, Cousinea, McGuire & Anderson, Minneapolis, MN, for D.L. Systems.

Heidi Schneider, Gartner & Schupp, Minneapolis, MN, for Interlake Consulting.

## MEMORANDUM ORDER GRANTING PARTIAL SUMMARY JUDGMENT & REMANDING

NANCY C. DREHER, Bankruptcy Judge.

The matter before the Court arises by motion of the Chapter 7 Trustee, Phillip L. Kunkel ("Trustee"), for partial summary judgment in the above-entitled adversary proceeding which is currently pending before this Court, and for an order abstaining from further consideration of this matter and remanding the case to the Minnesota District Court for Ramsey County. A hearing was held on February 22, 1996, and appearances were noted in the record. The Court, having studied the pleadings and papers, considered the evidence and arguments presented, and being duly advised in the premises, makes the following:

### UNDISPUTED FACTS

1. The debtor, Profile Systems, Inc. ("Profile"), filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code on October 22, 1993. By Order dated December 1, 1993, Phillip L. Kunkel was appointed trustee in the Chapter 11 case. The Chapter 11 case was subsequently converted to a case under Chapter 7 and Phillip L. Kunkel was appointed the Chapter 7 trustee.

2. On September 20, 1995, the plaintiff in a related adversary proceeding currently pending in this bankruptcy case, St. Paul Fire & Marine Insurance Company ("St. Paul Fire & Marine"), commenced a state court action by service of a summons and complaint upon Profile by service upon the Office of the Secretary of State.

3. On September 22, 1995, the plaintiff in the above-entitled case, Kemper Insurance Company ("Kemper"), commenced a state court action by service of a summons and complaint upon Profile by service upon the Office of the Secretary of State.

4. The Trustee removed the two state court lawsuits from Ramsey County District Court to the bankruptcy court. Those two lawsuits are currently pending before this Court.

5. On or about October 23, 1995, the Trustee filed an answer to the two complaints with the bankruptcy court, and subsequently filed an amended answer, an amended counterclaim, and a crossclaim with respect to the two complaints. In his answer, the Trustee affirmatively alleges that service on the Trustee in both actions was ineffective and void because it occurred in knowing contravention of the automatic stay imposed by 11 U.S.C. § 362(a). The Trustee also raised as an affirmative defense that the claims of both plaintiffs should be denied as in violation of the applicable statute of limitations.

6. On November 21, 1995, this Court entered an order granting Kemper and St. Paul Fire & Marine *prospective* relief from the automatic stay in order to allow them to proceed in Ramsey County District Court "solely to liquidate its claim against the debtor and not for the purpose of collecting any judgments against the debtor except to the extent of available insurance proceeds."

7. There has been no proof of claim filed by or on behalf of Kemper or its insured, Collins, Buckley, Sauntry & Haugh in either

the Chapter 11 or the Chapter 7 case. Both Kemper and its insured had actual knowledge of the bankruptcy case. The final date for filing claims after the conversion was March 28, 1995.

8. The instant motion is essentially predicated on three grounds. First, the Trustee is asking this Court to find that the purported service of process on Profile via the Office of the Secretary of State was invalid and of no effect because such service was made in knowing violation of the automatic stay, and therefore "void" *ab initio* as a matter of law. The Trustee, alleging that service only became effective on November 21, 1995, the date that an order granting Kemper and St. Paul Fire & Marine relief from the automatic stay was entered, is of the view that the applicable statute of limitations bars the plaintiffs' claims. The Trustee is not, however, asking this Court to rule on that issue, but is merely attempting to establish the requisite factual predicate of the effect of the action taken in this case in violation of the stay.

Second, the Trustee is essentially asking this Court to preemptively conclude that any claim that Kemper *may* eventually file in this bankruptcy case in an amount in excess of Profile's liability coverage would be entitled to a third-tier priority status under Code § 726(a)(3). The Trustee is essentially requesting a declaratory judgment on the merits of a possible claim that Kemper may conceivably be entitled to file at some point in the future.

Third, the Trustee requests that this Court, after resolving the issues of bankruptcy law presented in its moving papers, abstain from resolving the merits of the adversary proceedings in the two related bankruptcy cases and remand both cases back to state court.

9. Kemper, in its rejoinder, asserts that actions taken in violation of the automatic stay are "voidable" in this district and not per se "void" *ab initio*. Kemper readily concedes that it had actual knowledge of the bankruptcy case and that it commenced the state court action in violation of the automatic stay. However, Kemper perfunctorily argues that the Court should retroactively au-

thorize or ratify its conduct and find that the service of the summons and complaint upon Profile was effective when served since Profile was not in any way prejudiced.

10. In response to the Trustee's request for a declaration of a third-tier priority treatment for any amount which exceed's Profile's insurance coverage, Kemper essentially asserts that it is only interested in recovering against the proceeds of Profile's liability insurance policy, which is not dependent upon the filing of a proof of claim.

11. All parties concerned consent to this Court's abstention and share the Trustee's view that the above-entitled adversary proceeding should be remanded to state court since the issues presented are predominantly issues of state law.

### CONCLUSIONS OF LAW

■ The automatic stay is undeniably one of the most integral components of the entire scheme of Title 11 and represents a carefully considered determination by Congress that a breathing spell should be afforded in order to prevent the dismemberment of a debtor's estate that would ensue if creditors were permitted to pursue individual actions. One of the prime and most laudable purposes of the automatic stay then is to insure the orderly administration of the bankruptcy estate. *See Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir.1991) (opining that the automatic stay protects the bankruptcy estate " 'from being eaten away by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal the estate's assets and distribute them equitably among the creditors.' ") (quoting *Martin–Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir.1989)).

■ Section 362(a) of the Bankruptcy Code defines the scope of the automatic stay and specifically enumerates various actions that the commencement of the bankruptcy case stays. 11 U.S.C. § 362(a). Indeed, paragraph (1) of § 362(a) expressly makes the automatic stay applicable to:

the commencement or continuation, including the issuance or employment of process,

of a judicial ... proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

*Id.* § 362(a)(1). The protection afforded by the automatic stay is extremely broad and, once triggered, generally continues until it terminates by operation of law or until the bankruptcy court grants relief. *Id.* § 362(c), (d). *See Atkins v. Martinez (In re Atkins),* 176 B.R. 998, 1006 (Bankr.D.Minn.1994).

■ It is undisputed that the commencement of the state court action by Kemper in this case violated the Bankruptcy Code's automatic stay provision. The issues then become whether, first, the bankruptcy court has the authority to retroactively grant relief from the statutory stay and ratify actions taken in violation thereof. In other words, are actions taken in violation of the stay null and "void" *ab initio* and therefore incapable of being sanctioned by the bankruptcy court, or are they merely "voidable" and capable of post-event ratification. The second issue, assuming that the first issue is resolved in favor of voidability, is whether the circumstances of this case warrant retroactive relief.

The authorities that have considered the matter are sharply divided on the issue of whether actions taken in violation of the automatic stay are per se void and without legal effect or merely voidable and capable of discretionary cure. *Compare Kalb v. Feuerstein,* 308 U.S. 433, 438, 60 S.Ct. 343, 346, 84 L.Ed. 370 (1940) (decided under the Bankruptcy Act when bankruptcy referees only had the power to modify or terminate the automatic stay and had no authority to annul), *and Schwartz v. United States (In re Schwartz),* 954 F.2d 569 (9th Cir.1992); *ICC v. Holmes Trans., Inc.,* 931 F.2d 984 (1st Cir.1991); *48th Street Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th Street Steakhouse, Inc.),* 835 F.2d 427 (2d Cir.1987), *cert. denied,* 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988); *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306 (11th Cir.1982); *In re Advent Corp.,* 24 B.R. 612 (1st Cir. BAP 1982); *Richard v. City of*

*Chicago,* 80 B.R. 451 (N.D.Ill.1987); *United States v. Coleman Am. Cos., Inc. (In re Coleman Am. Cos., Inc.),* 26 B.R. 825 (D.Kan.1983); *Overland Nat'l Bank v. Olson (In re Olson),* 101 B.R. 134 (Bankr.D.Neb. 1989) (void), *with In re Siciliano,* 13 F.3d 748 (3d Cir.1994); *Easley v. Pettibone Michigan Corp.,* 990 F.2d 905 (6th Cir.1993); *Sikes v. Global Marine, Inc.,* 881 F.2d 176 (5th Cir.), *reh'g denied,* 888 F.2d 1388 (5th Cir.1989); *Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.),* 749 F.2d 670 (11th Cir.1984); *Reichenbach v. Kizer (In re Reichenbach),* 174 B.R. 997 (Bankr.E.D.Ark. 1994); *Atkins v. Atlantic Ambulance Assocs., Inc. (In re Atlantic Ambulance Assocs., Inc.),* 166 B.R. 613 (Bankr.E.D.Va. 1994); *Germer v. Farmers State Bank (In re Germer),* 107 B.R. 217 (Bankr.D.Neb.1989) (voidable). Although the Court of Appeals for the Eighth Circuit has not had occasion to rule on the void/voidability issue, the bankruptcy courts in this district have opined that an inflexible holding that actions taken in violation of the stay are absolutely void *ab initio* and incapable of ratification or retroactive cure in appropriate circumstances is too narrow in light of the power of the court to annul under § 362(d). *See In re Oliver,* 38 B.R. 245, 248 (Bankr.D.Minn.1984).

■ The Bankruptcy Code grants the court broad discretion in the formulation of appropriate relief from the automatic stay in individual cases by providing that the court may terminate, annul, modify, or condition the stay on an appropriate evidentiary showing. 11 U.S.C. § 362(d). The inclusion of "annulling" in the statute affording relief from the stay indicates an evident legislative intent to vest the bankruptcy court with the power to grant relief retroactively to the date of the bankruptcy filing and thereby cure or validate actions taken in violation of the statutory stay in certain instances. *In re Siciliano,* 13 F.3d 748, 751 (3d Cir.1994). As such, the bankruptcy courts in this district have concluded that stay violations are *not* absolutely "void" in the strict sense of the term, but rather are "voidable" and capable of discretionary cure. *See In re Croce,* 190 B.R. 106, 108 (Bankr.D.Minn.1995); *In re Dale,* 152 B.R. 573, 579 (Bankr.D.Minn.1993); *Sny-*

derGeneral Corp. v. Gibson (In re Snyder-General Corp.), 149 B.R. 562, 573 n. 7 (Bankr.D.Minn.1993); In re Oliver, 38 B.R. 245, 248 (Bankr.D.Minn.1984). See also Victoria Grain Co. v. Janesville Elevator Constr., Inc. (In re Victoria Grain Co.), 45 B.R. 2, 7 (Bankr.D.Minn.1984).

■ Absent a judicial grant of relief from the automatic stay, action taken in derogation thereof is invalid. Having concluded that this Court has the power and authority to retroactively validate actions taken in violation of the automatic stay since such violations are voidable, not void, the question remains whether the circumstances of this case warrant such relief. Retroactive relief is not an automatic remedy or routinely granted in the ordinary course. On the contrary, retroactive relief is an extraordinary remedy and should generally be granted in only unique or compelling circumstances since the violator is essentially asking the court to exercise its power to balance the equities between the parties. See Atkins v. Atlantic Assocs., Inc. (In re Atlantic Ambulance Assocs., Inc.), 166 B.R. 613, 615 (Bankr.E.D.Va.1994); In re Crawley, 53 B.R. 40, 42 (Bankr.D.Minn.1985). To afford relief under any other circumstances, would provide creditors with the impetus to sua sponte determine whether the circumstances merit relief. Under such a system, a creditor would simply examine its position, determine for itself if "cause" exists, essentially grant itself relief and, at some later point, come into court and seek ratification or validation of acts taken in violation of the stay. Such a course of conduct is clearly improper and undermines both the letter and spirit of § 362(a).

■ There is nothing unique or compelling about the circumstances of this case which would warrant an order annulling the automatic stay in order to provide Kemper with retroactive authorization for conduct clearly proscribed by the dictates of § 362(a). Kemper was not acting in good faith and without knowledge of the bankruptcy case or the parameters of the automatic stay. To the contrary, Kemper has been actively embroiled in litigation with Profile and been involved with this case from the outset. The argument that Kemper perfunctorily advances that the debtor was not prejudiced by its stay violation and that Kemper was simply not in a position to assess the final value of its claim is disingenuous. Kemper concedes that it violated the automatic stay in order to protect its claim from the potential defense the Trustee is advancing in the adversary proceeding, that is whether Kemper's cause of action is barred by the applicable statute of limitations under Minnesota law. The retroactive relief that Kemper seeks is indeed prejudicial to the Trustee's position as it would arguably enlarge Kemper's right to maintain its cause of action by depriving the Trustee of that defense. Finally, it is perhaps significant to note that the relief that Kemper is seeking is not before the Court on the motion of Kemper for an annulment of the automatic stay but, rather, arises in defense to the Trustee's motion for partial summary judgment.

■ Despite the fact that Kemper has not filed a proof of claim in this case on its own behalf or on behalf of its insured, the Trustee is seeking an order that any potential claim that Kemper may happen to file at some point in the future be declared tardily-filed and subject to the priority for payment established by 11 U.S.C. § 726(a)(3). Since neither Kemper nor its insured have actually filed a proof of claim in this case, any ruling with respect to such a possibility is not properly before the Court since such a contingent order would simply be declaratory in nature.

■ With respect to the request of the Trustee that this Court abstain from ruling on the merits of the adversary proceeding and remand the adjudication of the case, which was previously removed, back to the Office of the Court Administrator for Ramsey County, Minnesota, all parties are in agreement that the issues necessary to the resolution of the case are fundamentally issues of state law.

■ Accordingly, and for reasons stated, IT IS HEREBY ORDERED:

1. That the service of the above-entitled summons and complaint on the Debtor by service on the Office of the Secretary of the State of Minnesota on September 22,

1995, was invalid, void, and of no force or effect because such service was effectuated in violation of the automatic stay imposed by 11 U.S.C. § 362(a), and that the effective date of such service was November 21, 1995, the date of the entry of the Order of this Court granting Kemper's request for relief from the automatic stay;

2. That the Trustee's request that this Court declare that Kemper Insurance Company, and its insured are subject to the priority scheme established for tardily-filed claims is DENIED; and

3. That this Court shall abstain from further consideration of the above-entitled adversary proceeding, and this proceeding is hereby remanded to the State of Minnesota, Third Judicial District Court for Ramsey County, where prior to removal it was pending as File No. C3–95–10831. The Clerk of Court is directed to undertake the necessary steps to transmit this Order and the file in this matter to the Office of the Court Administrator for Ramsey County, Minnesota.

SO ORDERED.